IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ROY ALAN COSTA, | ) | CIV. NO. 05-00397 SOM-BMK |
| | ) | |
| Petitioner, | ) | |
| | ) | FINDINGS AND |
| vs. | ) | RECOMMENDATION TO DENY |
| | ) | PETITION FOR WRIT OF |
| JAMES COOK, STATE OF | ) | HABEAS CORPUS |
| HAWAII, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

## FINDINGS AND RECOMMENDATION TO DENY
## PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is pro se Petitioner Roy Alan Costa's petition for a

writ of habeas corpus under 28 U.S.C. § 2254. The Petition has been referred to

this Court pursuant to Local Rule LR. 72.5 and 28 U.S.C. § 636(a). After careful

consideration of the moving papers and the entire record before the Court, the

Court FINDS that Grounds One and Two of the Petition do not present any federal

claim on which habeas relief lies; Ground Three is unexhausted and procedurally

barred, or alternatively, lacks merit; and Grounds Four and Five are unexhausted

and procedurally barred. Accordingly, the Court RECOMMENDS that the Petition

should be denied in its entirety.

## BACKGROUND AND PROCEDURAL HISTORY

On May 2, 2001, the Circuit Court of the Second Circuit, State of Hawaii ("circuit court"), entered judgment of conviction and sentence in Costa's state criminal action, CR. No. 00-1-0253(2).  Costa was convicted of sexual assault in the second degree (Count I), in violation of Hawaii Revised Statutes ("Haw. Rev. Stat.") § 707-731(1)(a) and/or (b) (1993 & Supp. 1999); burglary in the first degree (Count II), in violation of Haw. Rev. Stat. § 708-810(1) (1993); and sexual assault in the third degree (Count VI), in violation of Haw. Rev. Stat. § 707-732 (1)(e) (1993).[1]  (Prelim. Ans. App. B.)  Costa was sentenced to ten years imprisonment for each of Counts I and II, and five years imprisonment for Count VI, with Counts I and II concurrent to each other, but consecutive to Count VI, for a total of fifteen years.  (Id. App. I.)

Costa appealed his conviction, raising five points of error:

(A) the trial court committed reversible error by failing to properly instruct the jury as to "lack of consent" thereby preventing a unanimous verdict[;]

(B) the court abused its discretion by denying Costa a continuance to secure a material witness[;]

---

[1] The facts related herein are taken from the state court record before the court. See Preliminary Answer and Appendices.

(C) repeated evidence of Costa's prior bad acts deprived him of a fair trial[;]

(D) prosecutorial misconduct requires reversal on account of (1) prior bad acts evidence; (2) prosecutor's inviting jury to disregard the law; and (3) inflaming the passions of the jury[;]

(E) ineffective assistance of counsel.

(Id. App. M at 22-35.)

On November 26, 2003, the Hawaii Supreme Court affirmed Costa's conviction by Summary Disposition Order.  The Hawaii Supreme Court held that: (1) the jury instructions were not erroneous, as unanimity instructions were not required in his case, and that Costa misinterpreted Instructions Nos. 36 and 37; (2) the jury was not required to find only absence of consent or only ineffective consent as to all counts because each count was a separate offense; (3) the circuit court did not abuse its discretion by denying Costa's motion for continuance; (4) the circuit court (a) properly excluded testimony that Costa was in jail and (b) did not abuse its discretion by admitting testimony that a police witness knew Costa from seeing him at the police station receiving desk, because Costa himself opened the door to that testimony; and (5) Costa failed to show prosecutorial misconduct. (Id. App. V.)  Notice and Judgment on Appeal was filed on January 6, 2004.  (Id.

App. Y.)

Costa did not seek certiorari of this decision with the United States Supreme Court.  Instead, on February 11, 2004, Costa filed a motion to dismiss the Hawaii Supreme Court's December 16, 2003, decision denying Costa's appellate attorney's motion to withdraw as counsel.  (Id. App. Z.)  Costa argued that, because his attorney moved to withdraw as counsel (albeit, after the supreme court had affirmed Costa's conviction), the supreme court did not consider that he was not represented by an attorney on appeal.  The Hawaii Supreme Court liberally construed this as a motion for reconsideration of its November 26, 2004 Summary Disposition Order affirming the conviction, and denied the motion as untimely pursuant to Hawaii Rules of Appellate Procedure, Rule 4.[2]  (Id. App. BB.)

On February 18, 2004, Costa filed his third Hawaii Rules of Penal

---

[2]  Rule 4 states in pertinent part:

> (a) Time. A motion for reconsideration may be filed by a party only within 10 days after the filing of the opinion, dispositional order, or ruling unless by special leave additional time is granted during such period by a judge or justice of the appellate court involved.

Haw. R. App. P. 4(a).  This Court notes that even if the Hawaii Supreme Court strictly construed Costa's motion as challenging only the December 16, 2003 decision, the motion was still decidedly untimely.

Procedure, Rule 40 Petition.[3]  (Id. App. GG.)  This petition raised four grounds for

relief: (1) the trial court committed reversible error by failing to properly instruct

the jury as to lack of consent thereby preventing a unanimous verdict; (2) the trial

court abused its discretion by denying Costa a continuance to secure a material

witness; (3) repeated evidence of Costa's bad acts deprived him of a fair trial; and

(4) the conviction was obtained by the unconstitutional failure of the prosecution to

disclose evidence favorable to the defendant.  (Id. at 5.)

On October 20, 2004, the circuit court entered its Findings of Fact,

Conclusions of Law, and Order Denying Rule 40 Petition for Post-Conviction

Relief.  (Id. App. NN.)  The circuit court found that grounds one through three

were procedurally barred by Haw. R. Pen. P. 40, as previously ruled on and thus,

waived.  The circuit court further held that, "Ground four of [the] Petition is

patently frivolous and without a trace of support in the record." (Id. Concl. of Law

¶ 5.)  Costa did not appeal the circuit court's denial of his petition to the Hawaii

Supreme Court.  (See id. OO.)

Eight months later on June 21, 2005, Costa filed the present Petition,

_____

[3] Costa had filed two previous Rule 40 post-conviction motions which were respectively,
denied, and voluntarily withdrawn as premature. (See Prelim. Answer Apps. DD and EE.)

raising five grounds for relief:

A. Ground one: Defective and Illegal Jury Instructions;

B. Ground two: Trial court committed plain error which contributed unfairly to the conviction;

C. Ground three: Petitioner denied rights to present a full defense by calling all his witnesses at trial;

D. Ground four: Prosecutorial Misconduct that denied Petitioner a fair and impartial hearing;

E. Ground five: Ineffective Assistance of Counsel.

(Pet. at 5-8.)

## LEGAL STANDARD

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d); see also Williams v. Taylor, 529 U.S. 362, 402-04, 409 (2000).  Habeas

relief is warranted only if the constitutional error at issue had a "substantial and injurious effect or influence in determining the jury's verdict." Penry v. Johnson, 532 U.S. 782, 795 (2001) (quoting Brecht v. Abrahamson, 507 U.S. 619, 637 (1993)). A federal court must presume the correctness of the state court's factual findings and can only be rebutted with clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Under the "contrary to" clause of 28 U.S.C. § 2254(d)(1), a federal court may grant relief only when the state court "arrives at a conclusion opposite to that reached by [the United States Supreme Court ("Supreme Court")] on a question of law or if the state court decides a case differently . . . on a set of materially indistinguishable facts." Williams, 529 U.S. at 412-13. Under the section's "unreasonable application" clause, a federal court may grant relief only "if the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413.

"Clearly established Federal law" under 28 U.S.C. § 2254(d)(1) denotes "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Lockyer v. Andrade, 538 U.S. 63, 71-72 (2003) (citations omitted). It refers to the holdings, as opposed to the dicta,

7

of the Supreme Court's decisions.  Williams, 529 U.S. at 412.  If Supreme Court

precedent does not exist to create clearly established federal law relating to the

legal issue the habeas petitioner raised in state court, then the state court's decision

cannot be contrary to, or an unreasonable application of, clearly established federal

law.  See Dows v. Wood, 211 F.3d. 480, 486 (9th Cir. 2000).

Additionally, under 28 U.S.C. § 2254(b)(1), a petition for a writ of

habeas corpus shall not be granted unless it appears that the applicant has

exhausted all available state court remedies, there is an absence of available state

corrective process, or circumstances exist that render such process ineffective.

Rose v. Lundy, 455 U.S. 509, 522 (1982); Calderon v. United States Dist. Court

for the Eastern District of California (Gordon), 107 F.3d 756, 760 (9th Cir. 1997).

The petitioner must exhaust available state remedies as to every claim raised in the

habeas petition.  Gordon, 107 F.3d at 760 (citing Coleman v. Thompson, 501 U.S.

722 (1991)).

Although a petitioner need not exhaust all possible methods of state

relief, exhaustion requires him to "fairly present" each issue in the federal petition

to the highest court of the state.  Baldwin v. Reese, 541 U.S. 27, 27-28 (2004).  A

petitioner must alert the state courts to the fact that he is asserting a federal claim in

order to fairly present the legal basis of the claim.  See Duncan v. Henry, 513 U.S. 364, 365-66 (1995); Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000), as modified by, 247 F.3d 904 (9th Cir. 2001).  A petitioner must make the federal basis of his or her claim explicit either by referencing specific provisions of the federal constitution or statutes, or citing to federal case law.  See Lyons, 232 F.3d at 668, 670.

A petitioner does not exhaust state remedies by generally appealing to a broad constitutional provision alone.  Gray v. Netherland, 518 U.S. 152, 163 (1996).  In order to present the federal substance of a claim to the state court, the petitioner must reference a specific federal constitutional provision as well as a statement of facts that entitle the petitioner to relief.  Id. at 162-63; Lyons, 232 F.3d at 668.  A petitioner must make the federal basis of his claim explicit either by referencing specific provisions of the federal constitution or statutes, or citing to federal case law.  See Lyons, 232 F.3d at 668, 670 ("[A] state prisoner has not 'fairly presented' (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law." (citation omitted)).  Mere similarity of claims between a state law claim and a federal law claim is insufficient for exhaustion.  Duncan v. Henry, 513 U.S. 364,

9

366 (1995); <u>see</u> <u>also</u> <u>Johnson v. Zenon</u>, 88 F.3d 828, 830 (9th Cir. 1996).

Notwithstanding the failure to fairly present and exhaust claims at the state court, the district court may nonetheless, deny the entire habeas petition, or separate claims, on the merits when the petition or claims do not present even a colorable federal claim.  <u>Cassett v. Stewart</u>, 406 F.3d 614, 623-24 (9th Cir. 2005); 28 U.S.C. § 2254(b)(2).

## DISCUSSION

Costa's claims on direct appeal, which are the same claims raised in this Petition, were reviewed by the Hawaii Supreme Court.  The issue before this court is whether Costa fairly presented those claims as federal issues to the Hawaii Supreme Court, and if not, whether there is an implied procedural default and procedural bar of those claims due to Costa's alleged failure to fairly present the federal nature of those claims to the state court.[4]

---

[4] Costa's claims in his third Rule 40 petition, the only petition which was allowed to proceed, were explicitly procedurally barred by the circuit court (Grounds One, Two, and Three), or were denied as patently frivolous (Ground Four). Costa failed to exhaust these claims by raising them to any higher state court.  Thus, these claims are explicitly procedurally barred. <u>See</u> <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 803-04 (1991) (federal court will look to the last reasoned state court decision to determine whether the state relied on a procedural bar).

I.      Ground One Presents no Colorable Federal Claim.

        Ground One of the Petition states:  "Defective- illegal Jury instructions."  In support of this claim, Costa says, "Jury incorrectly instructed [and] thus confused during deliberations.  The verdict form was unclear, denyin[g] Petitioner a unanimous verdict on all counts."  (Pet. at 5.)  Costa makes no further arguments in support of this claim in the Petition.  In his Reply, Costa's only clarification of this claim is to state that he is not arguing "plain error" in the jury instructions, as he did on direct appeal and in his Rule 40 petition, but that he is asserting "reversible error."  (Reply at 14.)[5]

        Habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. §  2241(c).  Section 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

(emphasis added); see also, Rule 1 of the Rules Governing Section 2254 Cases in

---

[5] Costa's Reply, labeled "Petitioner's Response," is not numbered.  The Court has consecutively numbered the pages beginning at the title page and ending at page 18 which appears to be the end of Costa's Reply.  There are more than one hundred pages of exhibits following page 18.

the United States District Court.

The issue of whether a jury instruction is a violation of state law is neither a federal question nor a proper subject for habeas corpus relief.  Estelle v. McGuire, 502 U.S. 62, 68 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law."); Gilmore v. Taylor, 508 U.S. 333, 348-49 (1993) (O'Connor, J., concurring) ("mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas.").  Indeed, federal courts are bound by state court rulings on questions of state law.  Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir. 1989).  In addition, "the availability of a claim under state law does not of itself establish that a claim was available under the United States Constitution."  Sawyer v. Smith, 497 U.S. 227, 239 (1990) (quoting Dugger v. Adams, 489 U.S. 401, 409 (1989)).

A careful reading of Costa's arguments relating to this issue on direct appeal clarifies that Costa's claim for relief here challenges the trial court's Jury Instructions Nos. 36 and 37, regarding Hawaii law on sexual assault in the second degree and its definition of "lack of consent."  This is purely a question of state law and is not cognizable in a federal habeas proceeding.  Moreover, the Petition does

not suggest that this is a federal issue, nor did Costa do so on direct appeal.  Costa

does not allege a violation of the Constitution or federal law in this issue, nor does

he argue that he is in custody in violation of the Constitution or federal law.

This is further supported by the context in which Costa presented this

claim to the Hawaii Supreme Court.  There, Costa cited State v. Jones, 96 Hawaii

161, 29 P.3d 351 (2002), in which the Hawaii Supreme Court interpreted article 1,

section 5, of the Hawaii Constitution, as independent of the United States

Constitution, and in a manner more favorable to the defendant.  The Hawaii

Supreme Court stated:

> The source of a defendant's right to the establishment of proof beyond
> a reasonable doubt in a criminal case is found in the due process
> clause of article I, section 5 of the Hawaii State Constitution,
> independent of the United States Constitution.  State v. Perez, 90
> Hawaii 113, 129, 976 P.2d 427, 443 (1998), rev'd in part on other
> grounds, 90 Hawaii 65, 976 P.2d 379 (1999).  In Turner and Griffin,
> the [United States Supreme] Court held that, where a jury is presented
> with alternative means of establishing a crime and only one is
> supported by sufficient evidence, the federal constitution does not
> require proof beyond a reasonable doubt of each alternative theory.
> However, this court has recognized that the due process protection
> under the Hawaii constitution is not necessarily limited to that
> provided by the United States Constitution.
>
> We are not convinced by the reasoning of the Supreme Court in
> Griffin that the jury will necessarily reject a theory unsupported by
> legally sufficient evidence, particularly where there is some evidence

13

adduced and considerable argument presented to the jury . . .

[B]ased on our analysis of Defendants' rights to a unanimous verdict and to due process under article I of the Hawaii Constitution, we hold that unanimity is not required where alternative means of establishing an element of an offense are submitted to the jury, provided that there is no reasonable possibility that the jury's verdict was based on an alternative unsupported by sufficient evidence.

State v. Jones, 96 Hawaii 161, 181, 29 P.3d 351, 371 (2001) (internal citations omitted).

Ground One of the Petition is raised as a state law claim, and, generally, issues of state law are not cognizable on federal habeas review.  Estelle, 502 U.S. at 67; Gilmore, 508 U.S. at 348-349.  The Court finds that, while this claim is ostensibly exhausted, Ground one of the Petition does not state a cognizable federal claim for habeas relief and should be DENIED.

II.   Ground Two Does Not Present a Colorable Federal Claim.

In Ground Two, Costa alleges, "Trial Ct. committed plain error which contributed unfairly to the conviction . . . . Trial cts. error resulted in substantial prejudice to Petitioner as it bolster[e]d State[']s theory and tainted jury unfairly." (Pet. at 5.)  Costa gives no further facts or arguments in support of this claim, in either the Petition or in his Reply.

14

The Court is unable to discern what claim, federal or otherwise, that Costa is presenting in this ground for relief.  Costa does not allege a violation of the Constitution or federal law, or that he is in custody in violation of the Constitution or federal law.  Costa does not argue that the adjudication of this claim in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law . . . or resulted in a decision that was based on an unreasonable determination of the facts . . . ."  28 U.S.C. § 2254.

This claim may be a combination of Costa's arguments supporting his other claims before this Court and on direct appeal, i.e., that the trial court erred by denying his motion for continuance, by failing to properly instruct the jury, and by allowing evidence of his prior bad acts to be admitted.  It is, however, impossible to tell what Costa is alleging in this claim or upon what federal right he bases this claim.

Broad, conclusory allegations of constitutional violations are insufficient to state a cognizable claim.  Jones v. Gomez, 66 F.3d 199, 205 (9th Cir. 1995); Greyson v. Kellam, 937 F.2d 1409, 1412 (9th Cir. 1991) (bald assertions of ineffective assistance of counsel did not entitle the petitioner to an

evidentiary hearing); see also Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) ("general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion.").  A petitioner cannot merely characterize some state act as unconstitutional and expect the federal court to explore all possible grounds under each article and amendment of the Constitution to support his claim.  In the present Petition, however, Costa does not even broadly allege a constitutional violation. While courts should liberally interpret pro se pleadings with leniency and understanding, this should not place on the reviewing court the entire onus of creating a federal claim for the petitioner.  Accordingly, the Court Finds that Costa makes no colorable federal claim in this ground and Recommends that it be DENIED.

III.    Ground Three is Procedurally Barred and is also Without Merit

          In Ground Three, Costa states that the trial court "denied his right to present a full defense by [preventing him from] calling all his witnesses at trial." (Pet. at 6.)  In support, Costa contends that the trial court violated his right to present a defense, and therefore his right to due process, when it denied his motion for a continuance to present testimony from Dwight Scritchfield.

16

At trial, Costa's attorney informed the court that Scritchfield would likely invoke his right to remain silent if called to testify in Costa's case before the conclusion of his own trial, and therefore, sought a continuance until Scritchfield's case concluded, in approximately one month.  (Prelim. Ans. App. M at 27.)  At the hearing on the motion to continue trial, it became clear that Scritchfield's testimony related to alleged sexual contact between Scritchfield and the victim, and was therefore, prohibited by Haw. R. Evid. 412.[6]  (Supp. Ans. App. UU at 2-3.) The trial court denied the motion on that basis, which was the only basis before the court at that time.

Later, at sentencing, Scritchfield did, in fact, testify on Costa's behalf. Scritchfield's testimony, which was entered "for the purpose of mitigating circumstances of the offenses for which Mr. Costa's present pending sentence," (Id. App. AAA at 8-9) related his acquaintance with the victim, and his knowledge

---

[6] Haw. R. Evid. 412(b) states that in pertinent part:

Notwithstanding any other provision of law, in a criminal case in which a person is accused of a sexual offense, evidence of an alleged victim's past sexual behavior other than reputation or opinion evidence is not admissible to prove the character of the victim to show action in conformity therewith . . . .

Haw. R. Evid. 412(b).

that the victim often injected heroin into her inner thigh.  This testimony (which

was not detailed to the trial court at the motion to continue trial), contradicted the

victim's testimony that she never injected heroin in her upper thigh area, and tends

to rebut the state's evidence that the bruise on the victim's thigh after the attack

was from the assault.

        After trial, Costa brought this claim up on direct appeal broadly

arguing that the denial of the continuance amounted to a violation of his right to a

fair trial and due process.  (Prelim. Ans. App. M at 15.)  In his Opening Brief on

direct appeal, Costa, relying solely on Hawaii case law, stated that Hawaii courts

recognize that the decision to deny or grant a continuance is committed to the

sound discretion of the trial court, and that the trial court's decision on such a

motion will not be disturbed absent an abuse of discretion.  (Id. at 26).  Costa's

Opening Brief then quoted:

> The due process guarantee of a fair trial under the
> fourteenth amendment to the United States Constitution
> and article I, section 14 of the Hawai'i Constitution
> confers upon the accused in criminal proceedings 'a
> meaningful opportunity to present a complete defense.'
> (case cites omitted). 'Few rights are more fundamental
> than that of an accused to present witnesses in his own
> defense.[']"  State v. Pulse, 83 Hawaii 229, 246, 925 P.2d
> 797, 814 (1996).

18

(Id.).  The case cite omitted in this passage references <u>Chambers v. Mississippi</u>, 410 U.S. 284, 302 (1973), which was explicitly cited in <u>Pulse</u>.  This reference to the United States Constitution is Costa's only mention of federal law in support of this argument, or in fact, in his Opening or Reply Briefs on direct appeal.

Respondents argue that this single reference to the Fourteenth Amendment, when taken in the context of Costa's full argument on this issue, which was based entirely on state law and state cases, was insufficient to fairly present the federal nature of his claim.  This Court agrees.

The Ninth Circuit Court of Appeals has recently stated that a "[c]itation to a state case that discusses federal precedents does not necessarily put the state supreme court on notice that the petitioner is claiming a violation of a federal right."  <u>Galvan v. Alaska Dept. Of Corrections</u>, 397 F.3d 1198, 1202 (9th Cir. 2005).  Here, Costa's single citation to the Fourteenth Amendment, solely in relation to how Hawaii courts interpret the issue of denial of a continuance, did not sufficiently put the Hawaii Supreme Court on notice of a federal claim.

Moreover, the Hawaii Supreme Court stated:  "Although the due process clause of the Hawaii Constitution is modeled after the fourteenth amendment to the United States Constitution, the due process protection under our

state constitution is not necessarily limited to that provided by the United States Constitution." State v. Bowe, 77 Hawaii 51, 58, 881 P.2d 538, 545 (1994) (citing State v. Bernades, 71 Haw. 485, 487, 795 P. 2d 842, 843 (1990)).  A mere mention of the United States Constitution is not enough to fairly present a federal issue. Rather, a petitioner must alert the state courts to the fact that he is asserting a federal claim in order to fairly present the legal basis of the claim.  See Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000), as modified by, 247 F.3d 904 (9th Cir. 2001).

Even if Costa had fairly presented a federal claim to the Hawaii Supreme Court, Costa's request for relief under Ground Three would still be denied.  Costa asserted on appeal that the trial court's actions violated due process (presumably the Compulsory Process Clause of the Sixth Amendment).  The Compulsory Process Clause guarantees that a criminal defendant has the right "to compulsory process for obtaining witnesses in his favor." U.S. Const. amend. VI. This provision applies only to witnesses whose testimony is both material and favorable to the accused.  United States v. Valenzuela-Bernal, 458 U.S. 858, 867 (1982).  A trial court has broad discretion to grant or deny a request for continuance that might impinge upon a defendant's right to confront witnesses, and

20

such decisions are reviewed only for abuse of discretion.  United States v. Flynt, 756 F.2d 1352, 1358 (9th Cir. 1985).  The reviewing court should evaluate four factors:  (1) whether the petitioner was diligent; (2) whether the continuance would have served a useful purpose; (3) whether the continuance would have inconvenienced the trial court or the government; and (4) the degree of prejudice suffered by the petitioner as a result of the denial.  Id. at 1359-61.  Abuse of discretion is found only if the denial of a continuance was arbitrary or unreasonable.  Id. at 1358-62.

In addition, even if the trial court abused its discretion by denying a request for continuance, habeas relief can be granted only if there is "a showing of actual prejudice."  Gallego v. McDaniel, 124 F.3d 1065, 1072 (9th Cir. 1997).  That is, the court can only grant relief if the error was not harmless.  Brecht v. Abramson, 507 U.S. 619, 637-38 (1993); see also Whelchel v. Washington, 232 F.3d 1197, 1205 (9th Cir. 2000) (holding that "[a] Confrontation Clause violation is subject to harmless error analysis"); LaGrand v. Stewart, 133 F.3d 1253, 1267 (9th Cir. 1998) (requiring a showing of prejudice under Brecht for a Compulsory Process Clause challenge).  Harmless error analysis does not ask if there was sufficient evidence for the conviction in the absence of the trial error at issue.

21

Rather, it asks if the trial error had a "substantial and injurious effect or influence" on the jury's determination.  Brecht, 507 U.S. at 638.

First, the Court finds that the district court's denial of the continuance was neither arbitrary nor unreasonable.  A hearing was held on the motion at which defense counsel stated that the basis for Scritchfield's evidence was his prior sexual contact with the victim.  Evidence was presented by both parties regarding the admissibility of such evidence under Haw. R. Evid. 412.  Defense counsel also represented that, although Scritchfield was available, it was likely that he would exercise his right to remain silent rather than testify in Costa's defense.  In light of these facts, it is clear that the trial court's decision to deny the continuance was not arbitrary or unreasonable, and thus there was no abuse of discretion.

Moreover, it does not appear that the absence of this evidence had a substantial and injurious effect or influence on the jury's determination.  The evidence at issue is whether Scritchfield's testimony would have sufficiently rebutted the State's evidence that the bruise on the victim's thigh came from the assault.  The jury had the benefit of the victim's testimony, stating that she was unsure where the bruise came from, but assumed it was from Costa.  (See Supp. Ans. App. WW.)  The jury also heard the victim testify that she normally "shot up"

22

drugs in her arms which contradicts Costa's argument that the bruises on the victim's thigh came from her continued drug use.  (Id. at 71.)  Finally, the jury was able to look at the scars and bruises on the victim's arms and photos of the bruises on her inner thigh in comparison.  (Id. at 18.)  Accordingly, the Court FINDS that Costa is not entitled to relief under Ground Three.

IV.    Ground Four is Unexhausted.

In Ground Four, Costa argues that prosecutorial misconduct denied him "a fair and impartial hearing."  (Pet. at 6.)  Costa alleges that the prosecution "tainted the jury by constantly mis-stating evidence [and] facts [and] law.  They also brought in '[p]rior bad acts' after being instructed not to by the Judge.  They inflamed [and] tainted the jury against Petitioner playing on their emotions, away from the true 'facts' of the allegations."  (Id.)

Costa presented this claim on direct appeal, arguing that the prosecutor violated Costa's motion in limine by improperly soliciting his prior bad acts from a police witness, inviting the jurors to disregard the law in his closing argument, and inflaming the jurors' passions by comparing Costa to a "murderous drunk driver."  (Prelim. Ans. App. M, Opening Brief at 29-32.)

Costa did not, however, fairly present the federal nature of this claim

23

to the Hawaii Supreme Court.  Costa relied solely on state law to support this claim on direct appeal and at no time indicated any federal basis for his claims.[7]  In his Opening Brief, Costa strenuously argued that the prosecutor's misconduct violated Hawaii's standards for prosecutorial conduct, specifically enumerating the state law factors supporting a reversal in prosecutorial misconduct cases.  In his Reply, Costa simply reiterated his arguments in the Opening Brief, highlighted relevant facts, and presented no law, state or federal, in support of this claim.  Costa could have easily indicated the federal basis for his claims "by citing . . . the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'"  Baldwin v. Reese, 541 U.S. 37, 32 (2004).  He did not.  Hence, the Court finds that Costa failed to fairly present any federal basis for this claim and therefore, it is unexhausted and, as discussed below, procedurally barred.[8]

---

[7] Costa cited, inter alia, State v. Pacheco, 96 Hawaii 83, 26 P.3d 572 (2001); State v. Rogan, 91 Hawaii 405, 984 P.2d 1231 (1999); State v. Pemberton, 71 Haw. 466, 796 P.2d 80 (1990); State v. Mahoe, 89 Hawaii 284, 972 P.2d 287 (1998).

[8] Costa's other argument that he is entitled to relief because the victim and a police officer committed perjury is without merit.  Costa failed to provide any evidence that the prosecuting officials knew at the time that such testimony was false.  United States v. Reynoso-Ulloa, 548 F.2d 1329, 1340 (9th Cir. 1977) ("Although the record indicates that [the subject] testimony was perjured, there is no evidence that the Government knowingly used the false testimony.").

V.      Ground Five is Unexhausted.

In his final claim, Costa alleges ineffective assistance of trial counsel due to his attorney's failure to:  (1) call the investigator to rebut the State's evidence; (2) seek a continuance so that the investigator could appear at trial; (3) timely object to improper questioning and allow hearsay to be admitted without objection; (4) rebut the victim's testimony regarding the bruise on her thigh; and (5) diligently prepare for trial.

On direct appeal, Costa argued that his trial counsel was ineffective for his failure to:  (a) request continuance of trial[9] or call his investigator as witness; (b) object to improper questions and hearsay evidence; and (c) prevent introduction of evidence of a bruise on the victim's thigh.  (Prelim. Ans. App. M, Opening Brief at 18-20.)

First, the Court notes that Costa never raised his claim that counsel was ineffective for his failure to diligently prepare for trial in any manner to the state courts.  He neither argued this claim in his direct appeal to the Hawaii

_____

[9] Here, Costa is referring to trial counsel's failure to request a continuance to secure another witness at trial, Celeste Aquino.  This alleged failure is not based on Costa's claim that the trial court abused its discretion in denying Costa's motion for a continuance to secure Dwayne Scritchfield's testimony at trial.  (See Prelim. Ans. App. M at 27, 33.)

Supreme Court, nor did he raise it in his unexhausted and explicitly procedurally defaulted third Rule 40 petition.  (See Prelim. Ans. App. GG at 5.)  As such, the Court finds that this new claim is unexhausted and completely unsupported by any facts in the record before the Court.

Second, and most importantly, the Court finds that Costa did not fairly present his claim of ineffective assistance of counsel as a federal claim to the Hawaii Supreme Court.  In support of his ineffective assistance of counsel claim, Costa cited State v. Briones, 74 Haw. 442, 848 P.2d 966 (1993).  In Briones, the Hawaii Supreme Court analyzed an ineffective assistance of counsel claim and explicitly rejected the "unduly burdensome" federal standard of review in such cases, holding that actual prejudice is not required to prove ineffective assistance of counsel claims in Hawaii.  Id. at 464, 848 P.2d at 977.  The supreme court stated:

> "we have explicitly rejected the federal standard of review in ineffective assistance of counsel cases.  In so doing, we have not only refused to equate the two standards cited in Hernandez but have also rejected the double burden imposed, as well as the remainder of Strickland's and its federal progeny's unduly restrictive view of what actions or omissions of counsel would constitute "ineffective assistance."

Id. at 464 n.12, 848 P.2d at 977 n.12.  The standard for ineffective assistance of

26

counsel in Hawaii is more lenient than the federal standard applicable to whether an attorney performed as an ordinary, competent criminal attorney.  State v. Antone, 62 Haw. 346 348, 615 P.2d 101, 104 (1980) ("In assessing claims of ineffective assistance of counsel, the applicable standard is whether, viewed as a whole, the assistance provided [was] within the range of competence demanded of attorneys in criminal cases." (citation omitted)).

Moreover, Costa's counsel explicitly quoted Brione's rejection of Strickland's more restrictive standard of review, suggesting that the ineffective assistance of counsel claim was consciously presented solely under state law.  (See Prelim. Ans. App. M, Opening Brief at 33.)

In his Reply on appeal, Costa reiterated his argument that the federal standard of "actual prejudice" was not required in Hawaii, citing State v. Richie, 88 Hawaii 19, 39, 960 P.2d 1227 1247 (1998).  (Prelim. Ans. App. O, Reply Brief at 9.)  He also referred to Rule 613, Hawaii Rules of Evidence in support of his claim that his trial attorney was ineffective for failing to object to improper questions and hearsay, allowing evidence of his prior bad acts to be admitted.  (Id.)  At no time did Costa raise a federal claim of ineffective assistance of counsel to the Hawaii Supreme Court; it is clear that this was a conscious decision.  Accordingly, the

27

Court finds that Costa failed to present any federal basis in support of these claims and therefore Ground Five is unexhausted and procedurally barred as discussed below.

VI.    Costa's Unexhausted Claims are Prodedurally Barred.

Respondents argue that, having failed to fairly present his claims to the Hawaii Supreme Court, Costa has procedurally defaulted those claims and is now procedurally barred from raising them in federal court.  The Court agrees.

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all.  Coleman v. Thompson, 501 U.S. 722, 731-32 (1991); Edwards v. Carpenter, 529 U.S. 446, 451 (2000).  For a procedural bar to apply, the state procedural rule relied upon must be "independent and adequate."  Coleman, 501 U.S. at 730.  If state procedural rules preclude the state courts from hearing the claim prior to the filing of the federal petition, it is procedurally defaulted in federal court.  See O'Sullivan v. Boerckel, 26 U.S. 838, 845 (1999).  Although generally, there is no procedural default unless "the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar,"  Harris v. Reed, 489 U.S. 255, 263 (1989), this does not apply to

28

an implied procedural bar where the petitioner has not yet fairly presented the

claim to the highest state court but would be barred from presenting it upon return

to state court.  See Boerkel, 526 U.S. 848-49.

Rule 40 of the Hawaii Rules of Penal Procedure ("Haw. R. Pen. P.")

states in pertinent part:

> Rule 40 proceedings shall not be available and relief
> thereunder shall not be granted where the issues sought to
> be raised have been previously ruled upon or were
> waived.  Except for a claim of illegal sentence, an issue is
> waived if the petitioner knowingly and understandingly
> failed to raise it and it could have been raised before the
> trial, at the trial, on appeal, in a habeas corpus proceeding
> or any other proceeding actually conducted, or in a prior
> proceeding actually initiated under this rule, and the
> petitioner is unable to prove the existence of
> extraordinary circumstances to justify the petitioner's
> failure to raise the issue.  There is a rebuttable
> presumption that a failure to appeal a ruling or to raise an
> issue is a knowing and understanding failure.

Haw. R. Pen. P. 40(a)(3).  This rule is independent of federal law, firmly

established, and has been regularly followed since Costa was convicted.  See, e.g.,

State v. Ng, 105 Hawaii 74, 77-78, 93 P.3d 1181, 1184-85 (Haw. Ct. App. 2004);

Adams v. State, 103 Hawaii 214, 220-21, 81 P.3d 394, 400-01 (2003); Fragiao v.

State, 95 Hawaii 9, 15-17, 18 P.3d 871, 877-79 (2001); Tachibana v. State, 79

Hawaii 226, 232, 900 P.2d 1293, 1299 (1995).  Each of these cases examined Rule 40(a)(3), and upheld waiver of the claim where appropriate.

Here, Costa's unexhausted claims would be deemed waived if he were now to bring them to the Hawaii Supreme Court as federal claims.  This is clear not only from the consistency with which Hawaii has applied Rule 40(a)(3), but also from the circuit court's denial of Costa's third Rule 40 petition, explicitly holding that claims Costa brought on direct appeal were barred by Rule 40(a)(3).  (See Prelim. Ans. App. NN at Conclusions of Law.)  The Court finds that Costa's unexhausted claims in Grounds Three, Four, and Five, are procedurally defaulted in the state court.

When a state prisoner has procedurally defaulted his federal claims in state court, federal habeas review is precluded unless the prisoner can demonstrate cause for the procedural default and actual prejudice, or demonstrate that the failure to consider the claims will result in the fundamental miscarriage of justice. Edwards, 529 U.S. at 451; see also Murray v. Carrier, 477 U.S. 478, 485 (1986); Noltie v. Peterson, 9 F.3d 802, 804-05 (9th Cir. 1993).

To demonstrate cause, the petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's

procedural rule." Carrier, 477 U.S. at 488-89 (examples include the unavailability to counsel of a factual or a legal basis for the claim, interference by state officials, or constitutionally ineffective assistance of counsel).  If the petitioner has not demonstrated cause for procedural default, the federal court need not consider the issue of prejudice. Thomas v. Lewis, 945 F.2d 1119, 1123 n.10 (9th Cir. 1991).

In this case, Costa does not allege that new factual or legal issues were unavailable to his counsel nor does he argue that state officials interfered with his lower court proceedings.  Moreover, because Costa failed to present his federal ineffective assistance of counsel claim to any of the state courts as mentioned above, Costa may not use this claim to establish cause for a procedural default in a federal habeas proceeding. Eisermann v. Penarosa, 33 F. Supp. 2d 1269, 1275 (D. Haw. 1999) (citing Carrier, 477 U.S. at 488-89).  Accordingly, Costa has failed to establish cause for his procedural default, and the Court need not consider the issue of prejudice.

Procedural default may also be excused for a fundamental miscarriage of justice. See Carrier, 477 U.S. at 495.  A fundamental miscarriage of justice occurs if the petitioner can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Id. at 496. "[H]abeas

31

corpus petitions that advance a substantial claim of actual innocence are extremely rare." Schlup v. Delo, 513 U.S. 298, 321 (1995); see also Carrier, 477 U.S. at 496 (noting that exception applies only in "extraordinary" cases).

   After careful review of the record, the Court Finds that a reasonable jury could have convicted Costa based on the evidence presented.  As mentioned above, the jury was able to hear the conflicting testimonies from both Costa and the victim and determine for themselves the credibility of these testimonies as well as draw informed conclusions from the submitted facts.  Therefore, Costa fails to prove that he is actually innocent and he is not entitled to relief from his procedural default.

## CONCLUSION

   For the foregoing reasons, this Court FINDS AND RECOMMENDS that the petition for writ of habeas corpus should be DENIED.

/ /

/ /

/ /

/ /

IT IS SO FOUND AND RECOMMENDED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: June 19, 2006

COSTA v. COOK, et al., CIV. NO. 05-00397 SOM-BMK; FINDINGS AND RECOMMENDATION TO DENY PETITION FOR WRIT OF HABEAS CORPUS; \kur2\Ron 2005\HABEAS\COSTA v. Cook

33